Wayne Anthony ROSS; the Republican Party of Alaska, Inc.; the Alaska Libertarian Party; the Alaskan Independence Party; Mark Chryson; Linda S. McKay, Plaintiffs—Appellants,

v.

State of ALASKA; Lieutenant Governor Fran Ulmer, in her official capacity of Supervisor of Elections; Sandra J. Stout, in her official capacity of Director of the Division of Elections; John/Jane Doe, 1 through 10;, Defendants—Appellees,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

State of Alaska Division of Elections, Defendant—Appellee.

No. 01–35752.

D.C. No. CV–95–00053–HRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2003.

Decided Feb. 14, 2003.

Before B. FLETCHER and MCKEOWN, Circuit Judges, and BREYER,* District Judge.

MEMORANDUM**

Appellants assert that the district court abused its discretion in not granting a Federal Rules of Civil Procedure 60(b) motion to reopen and vacate the judgment in *Ross v. State*, 189 F.3d 1107 (9th Cir. 1999). The Supreme Court's ruling in *California Democratic Party v. Jones*, 530 U.S. 567, 120 S.Ct. 2402, 147 L.Ed.2d 502 (2000), caused Alaska to eliminate its mandatory blanket primary system; in *Ross*, Appellants had sought and failed to gain that relief in court. Appellants also argue that they should receive attorneys' fees and costs as tantamount to prevailing civil rights plaintiffs in *Ross*, under 42 U.S.C. § 1988, as they argue would have been their status had the Supreme Court grant-

---

* The Honorable Charles R. Breyer, United States District Judge for the District of Northern California, sitting by designation.

ed certiorari to *Ross* instead of or as well as *Jones.*

As the parties are familiar with the facts and complex posture of this case, we review neither here except as necessary.

The district court did not abuse its discretion in refusing to grant the Rule 60(b) motion. The terms of Rule 60(b)(5) offer Appellants no basis for relief from the judgment: it has not been "satisfied, released, or discharged"; no "prior judgment on which it is based has been reversed or otherwise vacated"; and it has no "prospective application." Appellants state that by the terms of the order of dismissal they may be barred from litigating future claims, should Alaska's violate their civil rights in its future conduct of primaries. This concern is baseless; the decision that Appellants seek to vacate regarded issue preclusion specifically in the context of the now-outlawed blanket primary.

Appellants next suggest Rule 60(b)(6) as a basis for relief from the judgment. This "catchall clause" requires "extraordinary circumstances" justifying such relief. *See Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863–64, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). But, post-judgment "developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)," *Agostini v. Felton,* 521 U.S. 203, 239, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997). The district court did not abuse its discretion in refusing relief from the judgment on this basis.

■ Finally, the question of Appellants' entitlement to attorneys' fees and costs is not properly before this court. Appellants filed a notice of appeal on August 3, 2001 appealing the denial of their 60(b) motion. Subsequently, the district court issued two orders on April 11, 2002 pertaining to its denial of attorneys' fees and costs. To perfect an appeal of the denial of attorneys' fees and costs, appellants should have filed a timely supplementary or amended notice of appeal, indicating their intention to appeal those orders. They filed nothing. As this court has noted in *Roberts v. College of the Desert,* 870 F.2d 1411 (9th Cir.1988), "this court has no jurisdiction to review the attorneys' fees order" where Appellant "failed to refer to that order" in the notice of appeal. *Id.* at 1418. As other orders were specified in the appeal, "it cannot be fairly inferred that [Appellant] intended to challenge the attorneys' fees ruling" as well. *Id.* We therefore lack jurisdiction to reach the merits of this claim.

The judgment of the district court is

**AFFIRMED.**